O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JAMES LOGAN, II, | Case No. CV 08-5519-SJO (MLG) |
| Petitioner, | MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JOHN MARSHALL, | |
| Respondent. | |

On August 22, 2008, Petitioner James David Logan, II, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was deficient in that it failed to identify the conviction and sentence being challenged; failed to provide information concerning the state procedural history of the case; failed to assert facts supporting the claims for relief; and failed to state a legal basis for relief. On August 25, 2008, Magistrate Judge Marc L. Goldman dismissed the petition with leave to amend. Petitioner was specifically informed that the failure to file an amended petition correcting the deficiencies on or before September 25, 2008, would result in dismissal without further notice.

Petitioner failed to file an amended petition as directed and has not requested an extension of time in which to do so.

The petition should be dismissed. Courts possess the discretionary authority to dismiss an action based on a petitioner's failure to diligently prosecute or failure to comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976); *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260, 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *see also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. As dismissal will be without prejudice, it would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Respondent or Petitioner.

Finally, there appears to be no less drastic sanction which will compel Petitioner to participate in this lawsuit. He has been given the opportunity to amend his petition to state a viable habeas corpus claim, but has not done so. Moreover, Petitioner was specifically

informed that failure to comply with the order requiring the filing of a first amended petition would result in dismissal.  Petitioner apparently no longer wishes to pursue this petition and there is no other sanction which will compel his participation.  Balancing all of these factors, dismissal of this petition without prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: _____10/8/08_____

/S/  S. James Otero

_____

S. James Otero

United States District Judge

Presented By:

_____

Marc L. Goldman

United States Magistrate Judge

3